1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    QUINTON JOEY WATTS,                      No.  2:14-cv-2686 CKD P

12                    Plaintiff,

13          v.                                 ORDER

14    LYDIA ROMERO, et al.,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 13.)

19    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

7    Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

8    1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

9    meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

10   327.

11   Here, plaintiff challenges a 2014 disciplinary conviction for Introduction of a Controlled

12   Substance for Purpose of Distribution, for which he was assessed 180 days of credit forfeiture.

13   (ECF No. 1 at 28.)  Plaintiff claims that the conviction was obtained in violation of his federal

14   constitutional rights to equal protection and due process.  (Id. at 4.)

15   It appears that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck,

16   the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness

17   would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction

18   or sentence was reversed, expunged, or otherwise invalidated.  Id. at 486–487.  The Heck bar

19   preserves the rule that federal challenges, which, if successful, would necessarily imply the

20   invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas

21   corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750–

22   751 (2004).  Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior

23   invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the

24   prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in

25   that action would necessarily demonstrate the invalidity of confinement or its duration."

26   Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); see also Edwards v. Balisok, 520 U.S. 641,

27   644–646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at

28   disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a

2

credit forfeiture imposed at the hearing).

If plaintiff prevails on his claims, a judgment in his favor will necessarily imply the invalidity of his disciplinary conviction and any resulting credit loss.  See Edwards, 520 U.S. at 644, 647.  Consequently, plaintiff's §1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards. [1]

Thus the complaint will be dismissed.  Plaintiff will be granted one opportunity to amend the complaint in order to show that the disciplinary conviction that is the subject of this action has been invalidated, or any other reason why the Heck bar does not apply.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

---

[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254.  An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
    1) Advance written notice of the charges;
    2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
    3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
    4) That the findings of the prison disciplinary board be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

3

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a

2  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6       In accordance with the above, IT IS HEREBY ORDERED that:

7       1.  The order requiring plaintiff to pay the filing fee for this action (ECF No. 9) is hereby

8  vacated;

9       2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 13) is granted;

10      3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

11  shall be collected and paid in accordance with this court's order to the Director of the California

12  Department of Corrections and Rehabilitation filed concurrently herewith;

13      4.  The complaint is dismissed without prejudice;

14      5.  Plaintiff is granted thirty days from the date of service of this order to file an amended

15  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

17  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

18  two copies of the amended complaint; failure to file an amended complaint in accordance with

19  this order will result in a recommendation that this action be dismissed.

20  Dated:  April 22, 2015

21                                                        _____
                                                         CAROLYN K. DELANEY
22                                                       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28  2 /watt2686.14new

4