UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON JOEY WATTS, | No. 2:14-cv-2686 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| LYDIA ROMERO, et al., | |
| Defendants. | |

On June 30, 2015, this court adopted the assigned magistrate judge's findings and recommendations in full, dismissing this prisoner civil rights action without prejudice. ECF No. 20. On July 27, 2015, plaintiff Quinton Joey Watts, a state prisoner proceeding pro se, filed a "Rule 60 motion." ECF No. 22. For the following reasons, the motion is denied.

Plaintiff filed an action claiming violations of his federal constitutional rights to equal protection and due process related to his 2014 disciplinary conviction for Introduction of a Controlled Substance for Purpose of Distribution, for which he received 180 days of credit forfeiture. ECF No. 1 at 4, 28. The magistrate judge found plaintiff's request for relief barred by *Heck v. Humphrey*, which held that federal challenges asserting invalidity of incarceration or its duration must be brought by way of petition for writ of habeas corpus after exhausting appropriate avenues for relief. 512 U.S. 477 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no

1

1    matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit
2    (state conduct leading to conviction or internal prison proceedings)—if success in that action
3    would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff was
4    given leave to amend his complaint to show why *Heck* did not bar it, or how "the conditions
5    complained of have resulted in a deprivation of plaintiff's constitutional rights," and to establish a
6    causal link between each of the four named defendants' actions and the claimed violations. ECF
7    No. 14 at 3.
8          On May 18, 2015, plaintiff filed a letter with the court. He asserted that his
9    complaint had nothing to do with *Heck*, but rather "the violation of my constitutional rights when
10   they took my visits to see my kids and family," violations of the Eighth Amendment's prohibition
11   of cruel and unusual punishment, and the Fourteenth Amendment's guarantee of equal protection.
12   ECF No. 17 at 1. He also appears to challenge the evidence underlying his disciplinary action for
13   possession of morphine, which he says lacked the required "facts along with hard evidence." *Id.*
14         The magistrate judge construed this letter as an objection to the dismissal of his
15   original complaint. ECF No. 18 at 1. Because plaintiff did not file an amended complaint, she
16   recommended the action be dismissed without prejudice, and allowed fourteen days for plaintiff
17   to object. *Id*. at 1-2. Plaintiff objected on June 15, 2015, protesting his underlying conviction of
18   possession and the punishment given, which prohibited him from seeing his children while
19   incarcerated. ECF No. 19. This court adopted the magistrate judge's findings and
20   recommendations in full on June 30, 2015, and dismissed the action without prejudice. ECF No.
21   20. Plaintiff filed the instant Rule 60 motion on July 27, 2015, seeking relief from the judgment.
22   ECF No. 21.
23         Plaintiff specifies Rule 60(b)(6) as the basis of his motion. Rule 60(b)(6) has been
24   used sparingly as an equitable remedy to prevent manifest injustice. *United States v. Alpine Land*
25   *& Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A motion for relief from judgment for
26   "any other reason that justifies relief" should not be granted absent "extraordinary circumstances"
27   and should not be a vehicle for repackaging arguments already presented. *Maraziti v. Thorpe*, 52
28   F.3d 252, 254–55 (9th Cir. 1995).

1    Plaintiff has not cleared the high hurdle set by Rule 60(b)(6), as he has not
2 identified any new facts or circumstances that he was unable to present in connection with his
3 original complaint or objections.  Plaintiff has not identified any extraordinary circumstances
4 justifying relief from judgment.  Accordingly, plaintiff's motion, ECF No. 22, is denied.
5    IT IS SO ORDERED.
6 DATED: August 4, 2015.

_____
UNITED STATES DISTRICT JUDGE